UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE LYLES,

       Plaintiff,

                                CASE NO. 05-CV-70335-DT
v.                             JUDGE GEORGE CARAM STEEH
                                MAGISTRATE JUDGE PAUL J. KOMIVES

SHANE JACKSON;

       Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S JUNE 3, 2005, MOTION TO DISMISS (Doc. Ent. 9)**

**I.    RECOMMENDATION:** The Court should deem moot defendant's June 3, 2005 motion to dismiss (Doc. Ent. 9).

**II.    REPORT:**

**A.    Background and Procedural History**

Plaintiff is currently incarcerated at Ernest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. On February 1, 2005, while incarcerated at Muskegon Correctional Facility (MCF), plaintiff Willie Lyles-Bey filed a 42 U.S.C. §§ 1983, 1985 civil rights complaint against defendant Shane Jackson, described as a Mound Correctional Facility (NRF) inspector and acting assistant deputy warden. (Doc. Ent. 1 [Compl.] at 2 ¶¶ 2-3). Plaintiff sues defendant in both his individual and official capacities. Compl. at 2 ¶ 5. He seeks declaratory, injunctive, compensatory and punitive relief. He also seeks costs, expenses, judgment interest and attorney fees. Compl. at 5.

The factual detail of plaintiff's complaint is scant. Plaintiff claims that defendant acted on the basis of plaintiff's religion. Compl. at 2 ¶ 4. He incorporates by reference a five-page

May 5, 2002 letter sent to the ombudsman. Compl. at 3. He takes issue with defendant's involvement in his administrative proceedings. Compl. at 3 ¶ 10. He also notes that he was retained in administrative segregation. Compl. at 4 ¶ 11. He claims he was denied religiously-appropriate meals. Compl. at 4 ¶ 13.

Plaintiff's first cause of action includes violations of the First Amendment (freedom of religion, freedom of speech, grievance redress, court access, freedom of association, retaliation) and his rights to due process and equal protection. Compl. at 3-4 ¶ 8-10. Plaintiff's second cause of action includes violation of his Eighth Amendment rights, as well as the state law claim of intentional infliction of emotional distress. Compl. at 2 ¶ 6, 4 ¶¶ 11-13.

Plaintiff is proceeding pro se and in forma pauperis. (Doc. Ent. 4). On April 12, 2005, Judge Steeh referred this case to me to conduct all pretrial proceedings. (Doc. Ent. 6).

**B.     Defendant Jackson's Motion to Dismiss and Plaintiff's First Amended Complaint**

On June 3, 2005, defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Doc. Ent. 9 [Mtn.]).[1] Defendant argues:

> Even though pro se complaints are liberally construed, basic pleading essentials have not been abrogated, and the complaint must set forth facts demonstrating the defendant's infringement of a constitutional right. The instant complaint contains no factual allegations demonstrating the defendant's violation of a constitutional right, and the complaint should be dismissed for failure to state a claim.

Mtn. Br. at 4.[2]

---

[1]According to defendant's June 3, 2005 motion, the attachments to plaintiff's February 1, 2005 complaint included an electronic mail correspondence, a copy of a Notice of Intent to Classify to Administrative Segregation and an accompanying hearing report and copies of documents from an administrative hearings investigation packet." Mtn. at 3. However, these documents are not attached to the February 1, 2005 complaint which is part of the Court's docket.

[2]On June 15, 2005, I entered an order requiring any response to be filed by August 9, 2005.
(continued...)

On August 5, 2005, plaintiff filed a response. (Doc. Ent. 11 [Rsp.]). The most descriptive portions of his response claim that:

> . . . Where a person has direct, previous involvement in the circumstances giving rise to another person being transferred to segregation or placed in isolation, that person presumably harbors prejudice and will not likely vote for his release.
> . . .
> . . . The purported police investigation allegedly gave rise to plaintiff's confinement to segregation. Yet, after it was completed, defendant still detained plaintiff in punitive confinement, presumably, to retaliate against him because of plaintiff's religious belief, grievances, etc.

Rsp. at 3 ¶¶ 13, 16. He requests that defendant's motion be denied and that, alternatively, plaintiff's amended complaint be filed. Rsp. at 4.

On August 5, 2005, plaintiff filed an amended complaint. (Doc. Ent. 12). On August 9, 2005, I entered an order striking plaintiff's August 5, 2005 amended complaint from the record, because plaintiff had not filed a "proof of service". (Doc. Ent. 13).

**C.     Plaintiff's Second Amended Complaint and Defendant's Motion for Summary Judgment**

On August 19, 2005, plaintiff filed an amended verified complaint and demand for jury trial which sets forth an approximately three-page factual history. (Doc. Ent. 14 [Amend. Compl.] at 2-5 ¶¶ 7-32). Plaintiff alleges violations of First Amendments rights (including freedom of religion, freedom of speech, retaliation, access to courts, and freedom of association), his rights to due process and equal protection, his Eighth Amendment right against cruel and unusual punishment. Amend. Compl. at 5-6 ¶¶ 34, 35, 37, 38. He seeks relief in the forms of a

---

[2](...continued)
(Doc. Ent. 10).

declaratory judgment, an injunction, compensatory damages, and punitive damages, as well as costs, expenses, and interest. Amend. Compl. at 6-7 ¶¶ (a)-(f).[3]

On November 9, 2005, defendant filed a Rule 56(b) motion for summary judgment. (Doc. Ent. 17). Defendant argues: "The inmate's complaint should be declared frivolous, and judgment should be entered in favor of defendant since there has been no showing of the defendant's personal involvement in the complained-of actions and the inmate asserts claims lacking in basis in fact or law." Mtn. Br. at 2. Concurrent with the filing of this report and recommendation, I am entering a scheduling order requiring plaintiff to file any response to this motion by Tuesday, January 10, 2006.

**D.    Plaintiff was entitled to amend his complaint as a matter of course. His August 19, 2005 filing should be recognized based upon the November 3, 2005 certificate of service.**

Fed. R. Civ. P. 15(a) provides in relevant part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]" Fed. R. Civ. P. 15(a). Although defendant has filed the June 3, 2005, dispositive motion, "[m]otions to dismiss are not 'responsive pleadings' within the meaning of Rule 15(a)." *Youn v. Track, Inc.*, 324 F.3d 409, 416 (6th Cir. 2003) (citing cases); *see also U.S. Information Agency v. Krc*, 905 F.2d 389, 399 (D. C. Cir. 1990) ("Motions for summary judgment or dismissal, however, do not

---

[3]Plaintiff's amended complaint states that he "invokes the [C]ourt's supplemental jurisdiction against defendant for the acts or omissions defendant committed to inflict extreme and outrageous emotional and mental distress upon plaintiff[.]" Amend. Compl. at 2 ¶ 6. The state-law claim of intentional infliction of emotional distress, Compl. at 4 ¶ 12, is not made within the amended complaint's "section cause of action" section. Amend. Compl. at 6 ¶ 38. "[Fed. R. Civ. P. 15] does provide that an amended complaint supercedes an original complaint with respect to which allegations and issues are presented to the court for disposition[.]" *Smith & Nephew Inc. v. Federal Ins. Co.*, 113 Fed.Appx. 99, 102 (6th Cir. 2004) (unpublished).

constitute responsive pleadings that prevent a party from amending without leave of court.") (citations omitted). Therefore, plaintiff is entitled to amend his complaint as a matter of course, and the Court should look to the August 19, 2005 amended complaint when addressing the June 3, 2005 motion to dismiss.

However, as was the case with plaintiff's August 5, 2005, amended complaint, plaintiff's August 19, 2005 filing did not contain a proof of service. Fed. R. Civ. P. 5 provides in part that "every pleading subsequent to the original complaint . . . shall be served upon each of the parties." Fed. R. Civ. P. 5(a). Rule 5 also provides that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service[.]" Fed. R. Civ. P. 5(d).

Therefore, on October 14, 2005, I entered an order requiring plaintiff to file proof of service of his August 19, 2005 filing by November 7, 2005. (Doc. Ent. 15). He did so on November 3, 2005. (Doc. Ent. 16).

**E.     The Court Should Deem Moot Defendant's June 3, 2005 Motion to Dismiss.**

Defendant's June 3, 2005 motion to dismiss is based upon an alleged deficiency in factual averments in plaintiff's original (February 1, 2005) complaint. Mtn. at 1-2 ¶ 2; Mtn. Br. at 5. Defendant claims that the complaint "states nothing more than legal conclusions and does not state a claim upon which relief can be granted." Mtn. at 2 ¶ 4.

The February 1, 2005 complaint has been superceded by plaintiff's August 19, 2005 complaint - a complaint which contains a "FACTUAL ALLEGATIONS" section of approximately three (3) pages (twenty-six (26) numbered paragraphs) in length. Without commenting on the issue of whether the August 19, 2005 factual allegations satisfy pleading

5

requirements, "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000) (citations omitted)).

Furthermore, the brief in support of defendant's November 9, 2005 motion for summary judgment specifically mentions the August 19, 2005 amended complaint and the motion is based on an alleged lack of personal involvement by defendant and an assertion that plaintiff's federal claims have no basis in fact or law. Mtn. at 1 ¶¶ 1-2, Mtn. Br. at I, 1, 2. According to defendant, plaintiff's "claims are frivolous and should be summarily dismissed . . . The inmate has set forth no factual averments or evidence demonstrating the defendant's actual personal involvement in the complained-of activities; and he asserts claims having no basis in law or fact." Mtn. Br. at 1-2. As previously noted, defendant's sole argument in support of his motion is that "[t]he inmate's complaint should be declared frivolous, and judgment should be entered in favor of defendant since there has been no showing of the defendant's personal involvement in the complained-of actions and the inmate asserts claims lacking in basis in fact or law." Mtn. Br. at 2. Therefore, the motion for summary judgment does not raise the same concern with regard to the August 19, 2005 amended complaint as defendant's June 3, 2005 motion to dismiss raised with regard to the February 1, 2005 original complaint.[4]

---

[4]Defendant's June 3, 2005 motion to dismiss references plaintiff's attachments to his complaint. According to defendant, these attachments included "an electronic mail correspondence, copy of a Notice of Intent to Classify to Administrative Segregation and an accompanying hearing report and copies [of] documents from an administrative hearings investigation packet." Mtn. Br. at 3.

The Court's copy of the original complaint includes only copies of a one (1) page cover
(continued...)

For these reasons, the Court should deem moot defendant's June 3, 2005 motion to dismiss.[5]

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[4](...continued)
sheet; a one (1) page jury demand; a five (5) page complaint; the five (5) page May 5, 2002 letter; twenty (20) pages of grievance related forms; a one (1) page civil cover sheet for prisoner cases; and a one (1) page prisoner cover sheet.

[5]Defendant's June 3, 2005 motion to dismiss is also based upon an alleged lack of exhaustion. Mtn. at 2.  However, in light of plaintiff's more factually developed August 19, 2005 amended complaint, it would be more appropriate for the Court to address the issue of exhaustion of administrative remedies when it addresses defendant's November 9, 2005 motion for summary judgment based upon the August 19, 2005 amended complaint.
    Additionally, the brief in support of the June 3, 2005 motion to dismiss also mentions the issues of qualified immunity, Eleventh Amendment immunity and the appropriateness of injunctive relief.  Mtn. Br. at 7-8.  Although these arguments are also mentioned in the brief to the November 9, 2005 motion for summary judgment, the same approach is appropriate with these issues.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

> s/Paul J. Komives
> PAUL J. KOMIVES
> UNITED STATES MAGISTRATE JUDGE

Dated 11/15/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 15, 2005.
>
> s/Eddrey Butts
> Case Manager