UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE LYLES-BEY # 147944,

       Plaintiff,

vs.
                                         Case No. 05-CV-70335
                                       HON. GEORGE CARAM STEEH

SHANE JACKSON,

       Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#30)
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#17),
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
AN AMENDED COMPLAINT (#22), AND DENYING DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY (#24)

      Plaintiff Willie Lyles-Bey, a Michigan prisoner appearing pro se, filed a civil rights complaint against Michigan Department of Corrections ("MDOC") Inspector Shane Jackson on February 1, 2005 relative to being placed in administrative segregation at the MDOC's Mound Road Correctional facility for allegedly being involved in a fellow prisoner's possession of a contraband cell phone. Jackson filed a motion to dismiss on June 6, 2005, prompting Lyles-Bey to file a response to the motion and an amended complaint on August 8, 2005. This amended complaint was stricken on August 9, 2005 because Lyles-Bey had not filed a proof of service. On August 19, 2006, Lyles-Bey again filed an amended complaint. Lyles-Bey was ordered on October 14, 2005 to serve the amended complaint by November 7, 2005 or have it again stricken from the record. Lyles-Bey filed a proof of service as to the amended complaint on November 3, 2005. While the motion to dismiss the initial complaint remained pending, Jackson filed a motion for summary judgment of the amended complaint on November 19, 2005. Adopting a November 15, 2005 Report and

Recommendation issued by Magistrate Judge Paul J. Komives, the court denied Jackson's motion to dismiss the initial complaint as moot.  On December 12, 2005, Lyles-Bey moved to file a second amended complaint, and filed his response to the motion for summary judgment as to the amended complaint on January 16, 2005.  Jackson in the interim filed a motion on December 22, 2005 for a protective order to stay discovery pending adjudication of the motion for summary judgment.  Jackson's motion to dismiss the amended complaint and motion to stay discovery, and Lyles-Bey's motion for leave to file a second amended complaint, were referred to Magistrate Judge Komives.  Magistrate Judge Komives issued a 37-page Report and Recommendation on September 19, 2006 recommending that the court deny Jackson's motion for summary judgment, grant Lyles-Bey's motion for leave to file a second amended complaint, and deny Jackson's motion to stay discovery.

The gist of Jackson's motion for summary judgment and response to Lyles-Bey's motion for leave to file a second amended complaint is that Lyles-Bey has not alleged sufficient facts, and has not proffered evidence, sufficient to show that Jackson was personally responsible for Lyles-Bey's administrative segregation status, referring to the claims as frivolous and conclusory.  Jackson argued that "plaintiff can proffer no evidence demonstrating [Jackson's] involvement in the administrative hearing."  Jackson's November 9, 2005 Brief, at 4.  Jackson also denied playing "any role in the property and privileges provided to [Lyles-Bey] as an administrative segregation inmate or the meals that [Lyles-Bey] was served."  Id.  Jackson further asserted that, to the extent Lyles-Bey is seeking damages against Jackson in his official capacity, such claims are barred by the Eleventh Amendment.  Id.

Magistrate Komives' Report and Recommendation sets forth in considerable detail the factual basis as alleged in Lyles-Bey's amended complaint, proposed second amended

2

complaint, and attachments. The proposed second amended complaint alleges that Jackson is being sued in his individual capacity only on claims of common law conspiracy, abuse of process, procedural and substantive due process, and First Amendment and Eighth Amendment violations relative to Lyles-Bey's membership in the religious organization the "Moorish Science temple of America" ("MSTA"). Magistrate Judge Komives concludes that questions of fact remain whether Lyles-Bey's placement into, and alleged mistreatment in, administrative segregation were motivated by Lyles-Bey's MSTA membership, as well as Jackson's direct involvement, if any. Magistrate Komives recommends that the case move forward with the denial of Jackson's motion for summary judgment, the denial of a stay of discovery, and prosecution of the claims as alleged in the proposed second amended complaint.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Jackson's objection that Lyles-Bey's claims are subject to dismissal for failure to exhaust administrative remedies raises an issue not presented to Magistrate Judge Komives. A magistrate judge's decision should not be disturbed on the basis of arguments not raised to the magistrate. Whittum v. Saginaw County, No. 02-10313-BC, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005) (quoting Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship, 748 F.Supp. 1223, 1228 (E.D. Va. 1991). The exhaustion issue could have been raised to Magistrate Judge Komives prior to the Supreme Court's recent holding in Woodford v. Ngo, 126 S.Ct. 2378, 2382 (June 22, 2006) that a prisoner cannot satisfy the Prison Litigation Reform Act's exhaustion requirement of 42 U.S.C. § 1997e(a)

3

by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Jackson's objections to the Magistrate Judge's findings that remaining questions of fact preclude summary judgment are also not well taken at this pleading stage, at which there has been no discovery. Summary judgment is generally improper if, as here, the non-movant is denied sufficient discovery. Vance v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996). The court disagrees with Jackson's assessment that the claims are conclusory and frivolous. Jackson's objection to proceeding with discovery premised on a failure to exhaust and lack of factual basis are likewise not well taken. Jackson's argument that he cannot be held liable for damages in his official capacity will be rendered moot by granting leave to file a second amended complaint in which Jackson is alleged to be liable only in his individual capacity.

The court hereby accepts the September 19, 2006 Report and Recommendation as it own. Jackson's objections are hereby OVERRULED. Jackson's motion for summary judgment is hereby DENIED. Lyles-Bey's motion for leave to file a second amended complaint is hereby GRANTED. Lyles-Bey is hereby ORDERED to file a signed copy of the second amended complaint by October 23, 2006. Jackson's motion for a protective order staying discovery is hereby DENIED.

SO ORDERED.

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: September 29, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 29, 2006, by electronic and/or ordinary mail.

                                          s/Josephine Chaffee
                                          Secretary/Deputy Clerk